IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　　　　　　Case No. 3:17CR444

    Plaintiff

  v.　　　　　　　　　　　　　　　　　　　　**ORDER**

Lloyd T. Turks,

    Defendant

This is a criminal case in which the defendant, Lloyd Turks, has moved to dismiss two counts of the indictment charging him with distribution (Count Four) and possession with intent to distribute (Count 5) of controlled substance analogues, in violation of the Controlled Substance Analogue Enforcement Act (the Analogue Act), 21 U.S.C. § 813. (Doc. 24).

As the Supreme Court explained in *McFadden v. U.S.*, --- U.S. ---, 135 S. Ct. 2298, 2302 (2015), the Analogue Act "identifies a category of substances substantially similar to those listed in the federal controlled substance schedules, 21 U.S.C. § 802(32)(A), and then instructs courts to treat those analogues, if intended for human consumption, as controlled substances listed on schedule I for purposes of federal law, § 813."

The statute defines a "controlled substance analogue" as a substance:

"(i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;

(ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or

(iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II."

21 U.S.C. § 802(32)(A).

Turks argues that the Analogue Act is unconstitutionally vague as applied to his case, which involves two alleged analogues of the Schedule II controlled substance fentanyl: cyclopropyl fentanyl and methoxyacetyl fentanyl.

This is so, Turks maintains, because there is no "ascertainable standard" by which a reasonable person can determine whether a substance's chemical structure, or its effect on the central nervous system, is substantially similar to that of a controlled substance. (Doc. 24 at 6–7). He also contends that the statute "invites arbitrary and discriminatory enforcement" by leaving it to "law enforcement officials [to] decide on an ad-hoc basis whether to treat substances as controlled substance analogues." (*Id.* at 10).

For the reasons that follow, I disagree and deny the motion to dismiss.

**Discussion**

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

"Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, [the Supreme Court has] recognized . . . that the more important aspect of vagueness doctrine is not actual notice, but . . . the requirement that a legislature establish

minimal guidelines to govern law enforcement." *Id.* at 357–58 (internal quotation marks omitted).

A court "consider[s] whether a statute is vague as applied to the particular facts at issue, for a [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010).

Many courts of appeals and district courts have confronted vagueness challenges to the Analogue Act, but apart from a twenty-five-year-old district-court case, no court has sustained such a challenge.[1]

Turks argues that these cases do not dictate the outcome here because courts must assess vagueness challenges on a case-by-case basis. While that is generally true, the overwhelming weight of persuasive authority nevertheless points the way to my holding that the Analogue Act is not unconstitutionally vague as applied to Turks's case.

### A. "Substantially Similar"

First, I agree that "making criminality depend on the 'substantial similarity' of a substance to an expressly prohibited substance inevitably involves a degree of uncertainty." *U.S. v. Demott*, --- F.3d ----, 2018 WL 4867971, *3 (2d Cir. 2018). But "the Supreme Court has recently explained" that "such 'non-numeric,' 'qualitative standards' abound in our law, and are not so inherently problematic as to independently render a statute void for vagueness." *Id.* (quoting *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204, 1215 (2018)).

---

[1] *U.S. v. Forbes*, 806 F. Supp. 232, 237–39 (D. Colo. 1992) (holding, on rather unusual facts, that the Analogue Act was unconstitutionally vague as applied to alphaethyltryptamine).

3

Indeed, as long ago as 1996, the Eighth Circuit rejected a key premise of Turks's vagueness challenge: that a reasonable person has no way of knowing whether an analogue substance's chemical structure was substantially similar to that of a controlled substance.

In *U.S. v. McKinney*, 79 F.3d 105, 108 (8th Cir. 1996), *rev'd on other grounds*, 520 U.S. 1226 (1997), the court of appeals rejected a fair-notice challenge on the ground that "a reasonable layperson could . . . have examined a chemical chart and intelligently decided for himself or herself, by comparing their chemical diagrams, whether the chemical structure of the two substances were substantially similar."

Other courts have agreed that the Analogue Act is not "void for vagueness" as applied to particular analogues because reasonable people can determine that the analogue is, in chemical structure or effect on the central nervous system, "substantially similar" to a controlled substance. *U.S. v. Klecker*, 348 F.3d 69, 71–72 (4th Cir. 2003) (explaining that "it is useful to compare chemical diagrams of the controlled substance and the alleged analogue" and holding that "the similarities in their structures would put a reasonable person on notice that Foxy might be regarded as a DET analogue"); *U.S. v. Ansaldi*, 372 F.3d 118, 123 (2d Cir. 2004) ("when there is both readily cognizable similarity between the alleged analogue and the controlled substance prior to ingestion *and* metabolization of the alleged analogue into the controlled substance after ingestion, an ordinary person is sufficiently on notice that the chemicals are 'substantially similar' within the meaning of the statute") (emphasis in original); *U.S. v. Fisher*, 289 F.3d 1329, 1339 (11th Cir. 2002) ("People of ordinary intelligence would easily be able to determine that a substance, which is converted upon ingestion into a metabolite with a substantially similar chemical structure and effect on the central nervous system as a schedule I controlled substance,

would meet the definition of a controlled analogue.");[2] *cf. U.S. v. Hoyt*, 2014 WL 5023093, *6 (W.D. Va. 2014) (even a "disagreement between experts on chemical similarities of two substances does not conclusively show that a statute is void for vagueness, because experts in the field regularly disagree about the similarity of chemical substances").

These cases establish that, regardless of a particular defendant's actual knowledge – or, as is more often the case, his ignorance – of whether the analogue at issue is "substantially similar" to a controlled substance, persons of ordinary intelligence remain capable of deciding whether such a similarity exists.

For that reason, Turks's emphasis (Doc. 24 at 7) on the fact that he is not a scientist or "underground chemist" who is familiar the chemical structures of controlled substances and their analogues is beside the point.

Indeed, courts have overruled vagueness challenges made by defendants who, like Turks, did not manufacture the analogue and apparently lacked an advanced degree in chemistry, toxicology, or a like field. *E.g.*, *U.S. v. Roberts*, 363 F.3d 118, 121 (2d Cir. 2004) (Analogue Act not vague as applied to defendants who conspired to distribute 1,4–butanediol); *Klecker*, *supra*, 348 F.3d at 70 (same as to defendant who conspired to distribute "Foxy"); *Lane*, *supra*, 2013 WL 3199841 at *8.

---

[2] For additional illustrations of this principle, *see U.S. v. Granberry*, 916 F.2d 1008, 1010 (5th Cir. 1990) ("the term 'controlled substance analogue' in § 813 is clearly and specifically defined, in terms readily comprehensible to the ordinary reader"); *U.S. v. Long*, 15 F. Supp. 3d 936, 942 (D.S.D. 2014) ("Long could have examined the chemical structures for XLR-11 and JWH-018 and concluded, even with their differences, that XLR-11 may be regarded as an analog [*sic*] to JWH-18."); *U.S. v. Lane*, 2013 WL 3199841, *7 (D. Ariz. 2013) ("the relevant inquiry for purposes of the Analogue Act is how an ordinary person could interpret these terms, not how they might be technically defined").

## B. Scienter

Second, the Analogue Act's scienter requirement further undermines Turks's challenge.

Even before the Supreme Court's decision in *McFadden*, *supra*, courts had recognized that the Analogue Act's scienter requirement made vagueness challenges "an uphill battle." *U.S. v. Turcotte*, 405 F.3d 515, 531 (7th Cir. 2005), *abrogated on other grounds by McFadden*, *supra*, --- U.S. ---, 135 S. Ct. 2298; *see also U.S. v. Roberts*, 363 F.3d 118, 123 (2d Cir. 2004) (meeting defendant's vagueness challenge "with some measure of skepticism," given the scienter requirement); *Long*, *supra*, 15 F. Supp. 3d at 942–43 (same).

In *McFadden*, *supra*, --- U.S. at ---, 135 S. Ct. at 2305, the Court held that the Analogue Act requires the government to prove that "a defendant knew that the substance with which he was dealing was 'a controlled substance,' even in prosecutions involving an analogue." The Court then outlined two ways of proving knowledge:

> First, it can be established by evidence that a defendant knew that the substance with which he was dealing is some controlled substance – that is, one actually listed on the federal drug schedules or treated as such by operation of the Analogue Act – regardless of whether he knew the particular identity of the substance. Second, it can be established by evidence that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue.

*Id.*

After *McFadden*, and in light of its discussion of the scienter requirement, at least three Circuits have read the case to all but foreclose vagueness challenges to the Analogue Act. *Demott*, *supra*, --- F.3d at ----, 2018 WL 4867971 at *3; *U.S. v. Novak*, 841 F.3d 721, 727 (7th Cir. 2016); *U.S. v. Carlson*, 810 F.3d 544, 550–51 (8th Cir. 2016).

Because the Analogue Act requires that Turks possessed the analogues "knowingly or intentionally," there is no vagueness issue here.

### C. "Intended for Human Consumption" and Arbitrary Enforcement

Third, the Analogue Act's "intent requirement alone tends to defeat any vagueness challenge based on the potential for arbitrary enforcement." *Klecker*, *supra*, 348 F.3d at 71.

The Sixth Circuit so held in *U.S. v. Hofstatter*, 8 F.3d 316, 322 (6th Cir. 1993), concluding that intended-for-human-consumption requirement "sufficiently constrains law enforcement officials and discourages arbitrary or discriminatory application of the law." *Hofstatter* is controlling here and requires the overruling of Turks's arbitrary-enforcement claim.

### D. Government's Proffer

Finally, the government contends that it has evidence that will establish that the analogues at issue are substantially similar to fentanyl. It has submitted a report from Dr. Jon Sprague, the Director of the Ohio Attorney General's Center for the Future of Forensic Sciences at Bowling Green State University. (Doc. 45–1). There Sprague concluded, *inter alia*, that cyclopropyl fentanyl and methoxyacetyl fentanyl are substantially similar, in their chemical structures, to fentanyl. (*Id.* at 1, 5, 7).

Turks responds that this evidence is not relevant to whether the statute is impermissibly vague because a law must give advance warning of what is and is not criminal, so that one can avoid engaging in criminal behavior. (Doc. 48 at 3–4).

Whatever merit that argument might have, the fact is that courts regularly rely on evidence developed either before or during trial when ruling on vagueness challenges. *See, e.g.*, *Hofstatter*, 8 F.3d at 321–22; *Turcotte*, *supra*, 405 F.3d at 533; *Roberts*, *supra*, 363 F.3d at 118; *McKinney*, *supra*, 79 F.3d at 108; *Forbes*, *supra*, 806 F. Supp. at 237; *see also U.S. v. Bradley*, 2017 WL 6542756, *14 (W.D. Va. 2017) ("[t]he evidence presented at trial disposed of any vagueness concerns").

Because I have already determined that the Analogue Act is not unconstitutionally vague without regard to what the evidence in this case will be, I need not rely on the government's proffer. Rather, I note this evidence only to show that "the government has come forward with a method which . . . provides a basis for comparing both the chemical structure and the physiological effects of the substances," thereby refuting Turks's claim that reasonable people are incapable of deciding whether an analogue is substantially similar to a controlled substance. *U.S. v. Reece*, 2013 WL 11299439, *9 (W.D. La. 2013).

Finally, Turks makes no argument or showing that cyclopropyl fentanyl and methoxyacetyl fentanyl are not substantially similar to fentanyl. That is yet another ground to reject his vagueness challenge. *See U.S. v. Nasir*, 2013 WL 5373625, *5 (E.D. Ky. 2013) ("Malik has not offered any basis why this Court should stray from prior precedent finding that § 802(32)(A) provides sufficient notice, particularly in the absence of a challenge to whether JWH–018 and AM 2201 meet the definition of a controlled substance analogue under the statute.").

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Defendant's motion to dismiss (Doc. 24) be, and the same hereby is, denied; and

2. Defendant's motion for production of further discovery (Doc. 11) be, and the same hereby is, denied as moot in light of the representations in defendant's status report (Doc. 41).

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

8